# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENELLE GRAY,<br>　　Petitioner<br><br>　　v.<br><br>WARDEN BRADLEY,<br>　　Respondent | :<br>:<br>:　No. 1:20-cv-00035<br>:<br>:　(Judge Kane)<br>:<br>:<br>: |

## MEMORANDUM

On January 9, 2020, pro se Petitioner Lenelle Gray ("Petitioner"), who is presently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner paid the requisite filing fee on January 22, 2020.  In an Order dated January 23, 2020, the Court directed Respondent to show cause why Petitioner should not receive the relief requested.  (Doc. No. 4.)  Respondent filed a response on February 12, 2020.  (Doc. No. 7.)  Petitioner filed his traverse on February 26, 2020.  (Doc. No. 8.)  Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I.　BACKGROUND

In 2005, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to two (2) counts of possession with intent to distribute crack cocaine and one (1) count of using a firearm in connection with a drug trafficking crime.  (Doc. No. 7-2 at 3.)  Petitioner was sentenced to a total of 144 months' imprisonment.  (Id. at 4.)  Subsequently, on May 17, 2012, Petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was granted and his sentence was reduced to 120 months' imprisonment.  (Id. at 8.)

In 2016, a grand jury sitting in the Northern District of Ohio charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (Id. at 9-10.)  The

indictment explicitly outlined Petitioner's prior felony convictions. (Id.) On February 2, 2017, Petitioner pled guilty to being a felon in possession of a firearm. (Doc. No. 7-2 at 12.) On May 19, 2017, he was sentenced to thirty-seven (37) months' imprisonment for that offense, as well as a consecutive twelve (12)-month term for violations of his previously-imposed supervised release. (Id. at 15.) Petitioner neither appealed nor filed a motion to vacate pursuant to 28 U.S.C. § 2255.

In his § 2241 petition, Petitioner asserts that he is now actually innocent of the § 922(g) conviction pursuant to the Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Doc. No. 1 at 1-2.) In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." See Rehaif, 139 S. Ct. at 2200. Petitioner asserts that under Rehaif, his "conviction no longer constitutes a crime due to the fact the [G]overnment failed to establish that the petitioner knew he was a felon who was not permitted to possess a firearm." (Doc. No. 1 at 2.) As relief, Petitioner asks that the Court vacate his conviction and sentence for the § 922(g) charge and order that he be released from the custody of the Bureau of Prisons. (Id.)

## II. DISCUSSION

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity

of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for

> conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

As noted above, Petitioner challenges his § 922(g) conviction and sentence, asserting that, under Rehaif, he is now actually innocent of that crime because the Government "failed to establish that [he] knew he was a felon who was not permitted to possess a firearm." (Doc. No. 1 at 2.) This Court has previously held that inmates may not rely upon § 2241 to assert claims for relief under Rehaif. See, e.g., Monell v. United States, No. 3:19-cv-2059, 2020 WL 473480, at *1-2 (M.D. Pa. Jan. 29, 2020); Dickerson v. White, No. 3:20-cv-94, 2020 WL 435788, at *1-2 (M.D. Pa. Jan. 28, 2020); Crenshaw v. United States, No. 3:19-cv-2117, 2020 WL 307487, at *1-2 (M.D. Pa. Jan. 21, 2020); Miller, 2020 WL 820334, at *1-2. In his traverse, Petitioner maintains, with no explanation, that these cases "have no relevancy or validity to [him] and [his] situation." (Doc. No. 8 at 1.) Petitioner asserts that his situation is "[parallel] to [that] of Dorsainvil." (Id. at 2.) The Court, however, does not agree with Petitioner's argument.

In Dorsainvil, the petitioner had already filed an unsuccessful § 2255 motion when the Supreme Court "interpreted his statute of conviction in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), in a way that rendered [Dorsainvil's] conduct non-criminal." See Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018).

4

Dorsainvil could not seek permission to file a second § 2255 motion because "successive § 2255 motions based on new law must be based on new rules of constitutional law and Bailey involved statutory construction rather than constitutional law." See id. at 702-03 (citing Dorsainvil, 119 F.3d at 247-48). Dorsainvil "also had no prior opportunity to raise his challenge in an initial § 2255 motion because Bailey was decided after his § 2255 proceeding was complete." See id. at 703 (citing Dorsainvil, 119 F.3d at 246, 251). Thus, the Third Circuit concluded that Dorsanvil could proceed under § 2241 because, in that "unique circumstance," § 2255 was inadequate and ineffective. See Dorsainvil, 119 F.3d at 251.

Unlike the petitioner in Dorsainvil, however, Petitioner is not a successive petitioner who lacked a "prior opportunity to raise his challenge in an initial § 2255 motion because [Rehaif] was not decided after his § 2255 proceeding was complete." See Boatwright, 742 F. App'x at 703. As noted supra, Petitioner never filed an initial § 2255 motion challenging his § 922(g) conviction with the sentencing court. In his traverse, Petitioner asserts that he cannot file a § 2255 motion raising his Rehaif claim because his time to do so has already expired. Generally, § 2255 motions must be filed within one (1) year of the date on which the conviction and sentence became final. See 28 U.S.C. § 2255(f)(1). In the instant case, Petitioner's conviction and sentence became final on June 2, 2017, when his time for filing a direct appeal to the United States Court of Appeals for the Sixth Circuit expired. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Thus, if Petitioner had filed a § 2255 motion instead of his § 2241 petition, the § 2255 motion would have been untimely under § 2255(f)(1) because his time for filing a motion under that provision expired on June 4, 2018.

Section 2255(f)(3), however, allows for the one-year limitation period to begin running from "the date on which the right asserted was initially recognized by the Supreme Court, if that

5

right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." See 28 U.S.C. § 2255(f)(3). Unlike new rules for purposes of second or successive § 2255 motions, "new 'rights' triggering § 2255(f)(3) need not be constitutional." See Boatwright, 742 F. App'x at 703 (citing United States v. Lloyd, 188 F.3d 184, 187 n.8 (3d Cir. 1999), abrogated in part on other grounds by Dodd v. United States, 545 U.S. 353 (2005)). Accordingly, if Rehaif recognized a new right for purposes of § 2255(f)(3), Petitioner's petition, if brought as a § 2255 motion, would be timely because he filed it within one (1) year of June 21, 2019, the date on which Rehaif was decided.

Neither the Third Circuit nor the Sixth Circuit has addressed whether Rehaif recognized a new right for purposes of § 2255(f)(3). However,

> [the Court] need not do so to conclude that [Petitioner] cannot resort to § 2241. If [Rehaif] is new, then [Petitioner] could have timely asserted his claim in a § 2255 motion and was required to use that "preferred vehicle" regardless of whether his claim could otherwise be brought under § 2241. . . . If [Rehaif] is not new, by contrast, then [Petitioner] could have raised his claim in a timely § 2255 motion before. Either way, there is no basis to permit him to proceed under § 2241.

Boatwright, 742 F. App'x at 703-04. Accordingly, the Court lacks jurisdiction over Petitioner's § 2241 petition. However, because the time for Petitioner to file an initial § 2255 motion may not yet have expired, the Court finds it to be in the interest of justice to transfer the § 2241 petition to Petitioner's sentencing court, the United States District Court for the Northern District of Ohio, "for treatment as a § 2255 motion in order to preserve its filing date for statute of limitations purposes." See Miller, 2020 WL 820334, at *2 (concluding same); see also 28 U.S.C. § 1631 (permitting transfer of a matter over which a court lacks jurisdiction to the appropriate forum if the transferring court determines that a transfer is "in the interest of justice"); Boatwright, 742 F. App'x at 704. This Court takes no position on the timeliness or the

6

merits of the § 2255 motion. The Court advises Petitioner, however, that "treatment of his petition as a § 2255 motion would trigger the restrictions on filing second or successive § 2255 motions contained in 28 U.S.C. § 2255(h)." See Boatwright, 742 F. App'x at 704 (citing Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999)).

## III. CONCLUSION

Based on the foregoing, this Court lacks jurisdiction over Petitioner's § 2241 petition. (Doc. No. 1.) The Court will, however, transfer the § 2241 petition (Doc. No. 1) to the United States District Court for the Northern District of Ohio for treatment as a motion to vacate pursuant to 28 U.S.C. § 2255. An appropriate Order follows.